IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM DAVIS, JR.                                                                                                    PLAINTIFF

v.                                            Case No. 1:13-cv-01019

WEST FRASER, INC.                                                                                          DEFENDANT

LOUISIANA COMMERCE AND
TRADE ASSOCIATION SELF
INSURER FUND and KENTWOOD
BRICK AND TILE MANUFACTURING                                                                  INTERVENORS

**ORDER**

      Before the Court is Plaintiff's Motion for Non-Suit Pursuant to the Arkansas Savings Statute. (ECF No. 36). Plaintiff requests that proceedings against Defendant West Fraser, Inc. be abated for a period of one (1) year in accordance with the Arkansas Savings Statute. Ark. Code Ann. § 16-56-126. The Defendant has responded with a Motion for a Conditional Grant of Plaintiff's Motion for Voluntary Dismissal. (ECF No. 41). In its motion, Defendant states that it does not oppose Plaintiff's Motion for Non-Suit, but requests costs of $1,767.25 for court reporting and expert witness fees should the Plaintiff choose to refile the case in the future. Plaintiff has responded to Defendant's Motion for Conditional Grant of Plaintiff's Motion for Voluntary Dismissal, and Plaintiff does not oppose Defendant's request for costs. (ECF No. 44). The Intervenors do not object to the voluntary dismissal of the claim and have no position regarding West Fraser's Motion for Conditional Grant of Plaintiff's Motion for Voluntary Dismissal. (ECF No. 43).

      The Court understands the Plaintiff's Motion to be a request to dismiss the case without prejudice, so that it may be filed again at a later date should the Plaintiff so choose. Whether the Arkansas Savings Statute, § 16-56-126, should apply to this claim should it be brought again within the next year will be a question before the court at that time. Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order,

on terms that the court considers proper." When deciding whether to exercise its discretion to allow a voluntary dismissal, the "district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (internal quotation marks omitted).

Federal Rule of Civil Procedure 54(d)(1) provides that, unless a statute, rule, or court order bars relief, "costs—other than attorney's fees—should be allowed to the prevailing party." No statute, rule, or court order bars such relief in this matter. Even if the Court dismisses Plaintiff's claim without prejudice, which is not a dismissal on the merits, Defendant may be a "prevailing party" for purposes of taxing costs under Federal Rule of Civil Procedure 54(d)(1). *Anderson v. Christian Hosp. Ne.-Nw.*, 100 F.R.D. 497, 498 (E.D. Mo. 1984) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2667 at 180 (1983)); *but see United States v. Dougherty*, 486 Fed. Appx. 621, 622 (8th Cir. 2012). Defendant asks that the Court impose costs under the requirement that the costs may be awarded "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Plaintiff does not oppose paying the costs in the event that Plaintiff refiles his claim, and the Court finds the payment of cost to be a proper term of the dismissal.

Accordingly, the Court finds that Plaintiff's Motion to Dismiss (ECF No. 36) should be and hereby is **GRANTED**. Plaintiff's claim is hereby **DISMISSED WITHOUT PREJUDICE**. Moreover, Defendant's Motion for Costs (ECF No. 41) should be and hereby is **GRANTED**. Plaintiff should pay Defendant costs in the amount of $1,767.25 should Plaintiff refile his claim. The Intervenors' Motion in Limine Regarding Issue of Choice of Law is moot. (ECF No. 38).

**IT IS SO ORDERED**, this 9th day of January, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge